UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSE HERNANDEZ                                                          PETITIONER

V.                                                  CIVIL ACTION NO. 3:25-CV-151-DPJ-ASH

WARDEN CHILDRESS                                                        RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Jose Hernandez, who was incarcerated at the Federal Correctional

Complex in Yazoo City, Mississippi, at the time his motion for a writ of mandamus was filed as

a habeas petition under 28 U.S.C. § 2241, challenges the Bureau of Prisons' denial of jail time

credits under the First Step Act. As explained below, the undersigned recommends Hernandez's

petition be dismissed as moot.

I.      Facts and Procedural History

In April 2009, the Northern District of Georgia sentenced Hernandez to serve a 240-

month term of incarceration following his plea of guilty to a charge of possession with intent to

distribute marijuana. He claims that he earned time credits under the FSA that the BOP has

refused to apply to reduce his sentence "due to the BOP claiming that Petitioner's detainer for a

possible deportation or removal precludes his ability to apply earned time credits." Pet. [1] at 3.

He asks the Court to "compel [Respondent] to immediately release [him] from . . . custody." *Id.*

at 7. Respondent filed a timely response in opposition to Hernandez's petition. According to the

BOP's website, Hernandez was released from BOP custody on July 10, 2025.[1] *See also* Resp.

_____

[1] As stated on the BOP's website, if a search using the Inmate Locator identifies an individual
"as 'Released' or 'Not in BOP Custody' and no facility location is indicated, the inmate is no
longer in BOP custody." Inmate Locator, Bureau of Prisons, https://www.bop.gov/inmateloc/
(last visited September 8, 2025). A search for Hernandez's prisoner number, BOP Register

[16] at 2 ("Hernandez has a projected release date of Tuesday, July 8, 2025. On said date,

[Hernandez] is scheduled to be transferred to DHS custody pursuant to an active immigration

detainer. [Hernadez]'s claims to an early release or to pre-release custody are thus considered

moot.").

II.     Analysis

While the Court had jurisdiction over Hernandez's petition—and he satisfied § 2241's "in

custody" requirement—at the time he filed it, he "must separately satisfy the case-or-controversy

requirement of Article III, Section 2 of the Constitution." *Herndon v. Upton*, 985 F.3d 443, 446

(5th Cir. 2021). That requirement dictates that the Court may adjudicate only "actual, ongoing

controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). A case

becomes moot and no longer presents an Article III case or controversy "when it is impossible

for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps.*

*Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287

(2000)) (internal quotation marks omitted).

The Fifth Circuit Court of Appeals has explained that a federal prisoner's release from

incarceration moots his § 2241 petition because there is no longer a live case or controversy for

which any relief can be granted. *Herndon*, 985 F.3d at 446. Specifically, Hernandez "ha[s]

already received the sole relief []he sought in h[is] petition: release from confinement." *Id.*[2] As

such, his petition is moot.

_____

Number 64170-097, lists him as "Not in BOP Custody" with no facility location identified as of
July 10, 2025.

[2] A § 2241 petition is not rendered moot upon the prisoner's release if a term of supervised
release was imposed and the Court has the power to modify or terminate that term. *Herndon*, 985
F.3d at 447. But "[a]bsent a transfer of jurisdiction over a prisoner's term of supervised release,
only the sentencing court has authority to modify the terms of a prisoner's supervised release."

III.    Conclusion and Recommendation

The undersigned thus recommends that the Court dismiss Hernandez's petition as moot.

IV.    Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 9th day of September, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

*Id.* (citation omitted). This Court is not Hernandez's sentencing court, so it lacks jurisdiction to modify or terminate any term of supervised release.

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).